JUAN PERALES, Petitioner, *v.* DISTRICT COURT OF HUMACAO, Respondent.

No. 848. Argued July 11, 1932.—Decided July 26, 1932.

*Andrés Mena* for petitioner.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The question to be decided in this case is as to whether, in a mortgage foreclosure proceeding, it is necessary to deliver to the debtor, at the time the writ demanding payment is served on him, a copy of the initial petition and of all the documents required by section 128 of the Mortgage Law and article 168 of the Mortgage Law Regulations to be attached to said petition.

The case developed as follows: Juan Perales, by his attorney, instituted a proceeding in the District Court of Humacao, to recover payment of a debt which was secured by a mortgage. He exhibited with his petition the mortgage deed recorded in the registry of property and a certificate issued by the registrar, stating that the encumbrance had not been canceled nor was pending cancellation.

The judge examined the documents and, as he deemed them sufficient, he ordered that formal demand be made upon the debtors personally, whom he named, for the payment to the plaintiff of the amounts claimed, which were specified.

The writ demanding payment was issued by the clerk under the seal of the court and was served by the marshal. From the return of the writ we transcribe the following:

"I, Augusto Veve, Marshal.....do hereby certify: That in compliance with the foregoing order, I demanded payment from . . . . and delivered to each of said defendants while such demand was being made, a copy of the initial petition or complaint, a copy of the order of the court, and a copy of the writ demanding payment, warning. . . . . ."

Upon the failure of the debtors to make payment within the time granted therefor, the creditor petitioned the court to order, in accordance with the provisions of the Mortgage Law and its Regulations and the Act of 1905, relating to judgments and the manner of satisfying them, that the plaintiff recover his credit by selling at auction the mortgaged property.

Then the district judge, on the grounds set forth in a carefully prepared opinion, denied the motion of the creditor, as he thought that the service of the writ demanding payment was void for failure to deliver to the debtors a copy of the mortgage deed which was one of the documents required by express provision of the statute to be attached to the initial petition in the proceedings.

The creditor moved for a reconsideration of that decision. The motion was denied, whereupon he instituted in this Court the present certiorari proceeding. The writ was issued and all the documents are now before us.

In the case of *Petterson* v. *Contreras,* 42 P.R.R. 474, it was definitely held that neither the Mortgage Law nor its Regulations require that in serving the formal demand for payment on the debtor there should be delivered to him a copy of the mortgage deed.

But it is said that in a subsequent case, *Pontón* v. *Succrs. of Huertas González,* 42 P.R.R. 511, we held that such delivery was necessary.

It is true that in the latter case, the district judge, as an additional ground to sustain his conclusion, said:

"Besides, in the case at bar it does not appear that any demand for payment has been served, as it is not sufficient to state that the execution debtor was served with a copy of the complaint and a copy of the summons, without stating that he has also been served with copies of the other papers exhibited with the initial petition."

It is also true that the opinion of the district judge was quoted with approval, but upon reading all that was transcribed and said by this Supreme Court, it will be seen that the attention of the Court was not focused upon that question but upon another matter which was later summarized as an established rule, viz.: "In a summary foreclosure proceeding, the service of the writ demanding payment (*requerimiento de pago*) must be made by a court officer or assistant and not by a private individual."

See what the Court said in quoting from *González* v. *Registrar*, 39 P.R.R. 753, after referring to the transcript:

"As the demand for payment in a mortgage foreclosure proceeding is a judicial act emanating directly from the judge or court, it should be served by an officer of the court."

The district judge cited the case of *Torres* v. *Lathrop, Luce & Co. et al.*, 16 P.R.R. 172. From the syllabus of that case the judge transcribed the following:

"Although it is true that a demand upon the debtor is necessary in order to commence mortgage foreclosure proceedings, service of notice of the complaint before the new Code of Civil Procedure went into effect was not a necessary requisite."

He infers that after the code went into effect previous service of the petition is an indispensable requisite.

Upon examining the text of the opinion we find as the basis for that headnote, the following statements:

"The fourth objection was that Torres Zayas was not served with a copy of the complaint. The proceeding had been begun before the Code of Civil Procedure went into effect, and there is nothing to

show that the citation (*requerimiento*) was not in the due form required by the Mortgage Law."

From the above it can not be said that anything was clearly and definitely decided one way or the other, as to the requirements subsequent to the adoption of the code.

The district court also invoked the case of *Mestre et al.* v. *Michelena et al.*, 30 P.R.R. 142, cited in the *Pontón* case, *supra*. The part of the opinion relied on appears at page 148, and reads thus:

"Likewise, if, as appellants say, the requisition is similar to a summons in an ordinary suit, then its defects could be cured by showing actual notice to the debtors as indicated by the record and by us in discussing *res adjudicata.*"

Indeed, the demand for payment is similar to a summons, since it gives notice to the debtor of the existence of the suit filed against him, but this does not mean that both acts are exactly alike nor that they should be carried out with the same formalities.

What the Mortgage Law provides for the demand for payment is embodied in section 128 thereof, viz.:

"* * * * * * * *

"Demand for payment shall be made on the debtor if he resides in the place where the estate is located and if his domicile be known; otherwise it shall be sufficient to make demand upon the person who may be in charge of the estate in any legal capacity whatsoever, in order that he may advise the owner of the demand."

Neither the Law nor the Regulations prescribe the manner in which the demand for payment should be made. The second paragraph of article 176 of the Regulations provides:

"The provisions of the Law of Civil Procedure in force in Cuba, Porto Rico and the Philippines, shall be applicable to these proceedings as supplementary in so far as they are not in conflict with the provisions of the Mortgage Law and these regulations."

In reference to demands for payment, section 275 of the Spanish Law of Civil Procedure, identical with the corres-

ponding section of the Law enacted for Cuba and Puerto Rico, provides that—

"Requisitions shall be served by the delivery of a notice upon the person interested of the order in which it is made, in the form prescribed; the clerk shall make an entry in the proceeding stating that the requisition has been served as ordered."

Regarding notice, the law itself provides in section 262 thereof (similarly for Cuba and Puerto Rico) that—

"Notices shall be served by the clerk, secretary, or official of the chamber authorized therefor, who shall read in full the order to the person upon whom service is made, and shall at the same time deliver to him a true copy thereof, signed by the recording clerk, even though said copy should not be demanded, stating the matter to which it refers.

"A statement of the foregoing must be made in the proceeding."

Other important provisions follow, but none of them requires the delivery of a copy of any document other than that of the writ to be served.

Commenting on sections 262 and 263 of the Law of Civil Procedure, Manresa says:

"The law of June 4, 1837, concerning notices, prescribed the proper rules for serving the same, and corrected the abuses and corrupt practices which existed under the old procedure. Its provisions were so cautious and appropriate that perfection in the matter was thought to have been attained, and they were substantially reënacted in sections 21 to 24 of the Law of Civil Procedure of 1855. But experience showed that something still remained to be corrected, not due to any defect in the law, but to the malice or negligence on the part of those in duty bound to execute it; and this was the purpose sought by the amendments introduced in the provisions regarding the time, method, and form of giving notice, and the responsibility of the officer charged with serving them. The service of process is so important for the defense of litigated rights that any abuse therein may cause irreparable damage.

"       *       *       *       *       *       *       *

"It is provided in section 262 that the copy of the order, writ, or judgment which the recording clerk (*actuario*) must deliver to the person served even though the latter does not demand it, must

be a literal copy, as was originally provided in the first of said laws, although that requirement was eliminated from the second law; and, therefore, it should set out textually the entire judicial order, and not merely the dispositive part thereof. It is further provided that there shall be expressed in said copy the matter to which it relates, in order to avoid the inconvenience resulting from the failure to make such mention, for, inasmuch as judicial orders (*providencias*) generally make no mention of the names of the litigants nor of the cause with which they deal, and those of a mere procedural character tend to be alike, if these circumstances are not definitely stated in the copies it can not be known with certainty what cause has given rise to their issuance.'' (Manresa, *Comentarios a la Ley de Enjuiciamiento Civil*, vol. 1, pp. 535–536.)

Referring to the section dealing with the formal demand for payment (*requerimiento*), the above-mentioned commentator goes on to say:

''The manner of serving notices, citations, and summonses having been prescribed in the preceding sections, the present one deals with formal demands (*requerimientos*) following the order stated in the title of this chapter (*sección*). In accordance with the established practice, it is provided that formal demands shall be served in the same manner as notices, that is, by the clerk reading in full the order to the debtor and delivering to him a true copy thereof, but further stating in the return (*diligencia*) the fact of such service and the answer made by the person served, if the latter is found on the first attempt to locate him. If he is not found in his domicile or residence, or if his whereabouts is unknown, the procedure prescribed by sections 266 to 269 shall be followed.''

These questions are of such importance that the attorneys to whom the litigants entrust their cases should make every effort in order that all requisites are properly complied with.

But since they are so complex, the courts should not, by reason of minor errors which do not affect the substantial rights of the parties, annul proceedings which are in fact and in law entirely valid.

Manresa, in his Commentaries on the Law of Civil Procedure, when referring to the reform introduced in the Islands of Cuba and Puerto Rico regarding foreclosure proceedings

by the enactment of the Mortgage Law and its Regulations, with his extraordinary mastery of all legal subjects and his usual clearness, goes into the essentials of the reform and says:

"The Law of Civil Procedure for Cuba and Puerto Rico adopted the procedure established in the Peninsula for executory proceedings, without introducing any changes therein other than those made necessary by the difference in value of the currency. The same kind of proceedings were available in the Philippine Islands after the issuance of the Royal decree of February 3, 1888, extending to the Islands the law of the Peninsula. The said proceedings, in so far as they concern mortgage credits, have been essentially modified by the new Mortgage Law for the overseas possessions, which amended the one previously in force in Cuba, Puerto Rico, and the Philippines, and was approved and promulgated on July 14, 1893; and by the Regulations for the execution of said Law, approved by Royal decree of the 18th of the same month, providing that the former, as well as the latter, shall become effective in each of said islands twenty days after the publication of the law in the respective official journals (*Gacetas*).

"The object of this reform is to give further security and facility to landed credits in our overseas possessions hampered to a certain extent by the dilatory, expensive, and uncertain procedure available for the enforcement of mortgage credits. By virtue thereof, the first step in the executory proceedings as prescribed in Section I of the present title was eliminated, and the same is begun by a summary process which is simplified as much as possible." (*Id.*, vol. 5, pp. 427–428.)

Then in the Appendix, in which he transcribes the provisions involved in the reform, he repeats:

"In the introduction of the present title (pp. 442 and 443 of this volume) attention was called to the important and radical reform which the new Mortgage Law for the Overseas provinces of July 14, 1893, and its Regulations of the 18th of that month, introduced in the executory proceedings, which in those provinces were the same as in the Peninsula, but only in regard to mortgage credits. This reform consisted in eliminating the executory process

prescribed in Section I of this title, resorting instead to the compulsory process (*vía de apremio*), which was simplified as much as possible."

The compulsory process (*vía de apremio*) commences after the executory judgment (*sentencia de remate*) has been rendered and consented. So that when the debtor is served with the formal demand (*requerimiento*), he is really being notified of a judgment, and he is granted thirty days to satisfy the same. Moreover, the document evidencing the debt secured by mortgage and the payment of which is ordered, is a public document of which the debtor has full knowledge, since it was executed by himself. Therefore, the delivery of a copy thereof is not an indispensable requisite.

To hold that to the formal demand must be applied everything that the Code of Civil Procedure prescribes with respect to the summons would be to introduce into the Mortgage Law provisions not contained therein, virtually annulling hundreds of proceedings followed in accordance with said Law and the established practice in force during many years.

It seems advisable to transcribe the following from the petition for certiorari:

"Since 1906, when the Code of Civil Procedure was already in force, this Honorable Supreme Court stated in the case of *Giménez et al.* v. *Brenes*, 10 P.R.R. 124, that the Code of Civil Procedure governs, in ordinary civil actions, the procedure or remedies pursued; and that the summary procedure for the recovery of mortgage debts is the result of a contract between parties wherein they have agreed upon the promises made and have also stipulated the method of enforcing the credit in case of default. So that the Code of Civil Procedure requires a cause of action relied on, parties plaintiff and defendant, a trial and a final judgment putting an end to the controversy, whereas the summary foreclosure proceeding does not require anything of the sort because it is the wish of the parties that it be so.

"          *          *          *          *          *          *          *

"For twenty-six consecutive years this Honorable Supreme Court has upheld the doctrine that summary foreclosure proceedings are special and *ex parte* proceedings, that the debtor must meet the

demand for payment, and finally that such proceedings are not *res judicata.* *Anaud* v. *Martínez et al.,* 40 P.R.R. 641.

"       *       *       *       *       *       *       *

"The subscribing attorney has practiced for 20 years before the District Court of Humacao and during that period he has participated in hundreds of summary foreclosure proceedings. The present instance is the only one in which it has ever been required to serve said copies on the defendant. His unqualified acceptance of this requirement would be an implied acknowledgment that all the former proceedings prosecuted by him were void. And this attorney, in accordance with sound professional ethics, is bound to maintain their validity and to invoke in their support, besides the authorities already cited, the rule of *stare decisis,* that is to say, that it is not proper to change a construction of the Mortgage Law which has been followed for 26 consecutive years unless there is a powerful reason for doing so, which in the present case, as we understand it, does not exist."

In virtue thereof, it not being necessary to deliver a copy of the mortgage deed when serving the demand for payment, as the law does not require it, the district court erred in annulling on that ground the demand for payment made in this case, and its order should be set aside and the case returned to that court for further proceedings according to law.